**Michael PAPANIA, Appellant,**

v.

**Ermon STELLY, Appellee.**

No. 09–94–277 CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 2, 1995.

Decided Jan. 4, 1996.

Thomas P. Roebuck, Jr., Bush, Lewis & Roebuck, Beaumont, for appellant.

Michael J. Truncale, Orgain, Bell & Tucker, Beaumont, for appellee.

Before HILL, Acting Chief Justice,[1] and BURGESS and STOVER, JJ.

## OPINION

HILL, Justice (Assigned).

Michael Papania appeals from a summary judgment that he take nothing against Ermon Stelly, the appellee. He contends in three points of error that the trial court erred in: (1) allowing Stelly to withdraw and amend his answers to Papania's Request for Admissions in violation of Tex.R.Civ.P. 169(2); (2) granting Stelly's Motion for Summary Judgment because fact issues exist regarding the ownership and control of the premises upon which he was injured; and (3) granting Stelly's Motion for Summary Judgment in that Stelly failed to maintain the land or warn Papania of the hazard.

We set aside the trial court's order allowing Stelly to withdraw his responses to Papania's Request for Admissions and reverse the judgment in this cause because the trial court abused its discretion in allowing Stelly to withdraw and amend his answers to Papania's Request for Admissions, since Stelly failed to show that Papania would not be unduly prejudiced by the withdrawal. We reverse the summary judgment and remand this cause for trial because the trial court's error in allowing Stelly to withdraw his responses to admissions was reasonably calculated to cause and did cause the rendition of an improper judgment in this case since the issue of ownership was a controlling element in Stelly's motion for summary judgment.

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

Papania contends in point of error number one that the trial court erred by allowing Stelly to withdraw and amend his answers to Papania's Request for Admissions in violation of Tex.R.Civ.P. 169(2). Papania initially filed suit in 1990 against Stelly and the City of Port Neches. In August 1991, in response to Papania's Request for Admissions, Stelly admitted that he owned the premises where Papania is supposed to have fallen, and that it was in an area of his front yard that was part of the easement of the City of Port Neches. In October 1991, Stelly filed a cross-action against the City of Port Neches. Subsequently, in April 1993, Papania non-suited the City of Port Neches. In the summer of 1994 Stelly was allowed to amend his responses to Papania's Request for Admissions to deny his ownership of the premises in question. The trial court granted Stelly a summary judgment that Papania take nothing.

■ Rule 169(2) of the Texas Rules of Civil Procedure authorizes the trial court to permit withdrawal or amendment of responses and deemed admissions upon a showing of good cause for such withdrawal or amendment if the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby. We will set aside the trial court's ruling only upon a clear showing of abuse of discretion, that is that the trial court acted without reference to guiding rules or principles, or acted arbitrarily or unreasonably. *Fibreboard Corp. v. Pool,* 813 S.W.2d 658, 682–683 (Tex.App.— Texarkana 1991, writ denied), *cert. denied,* 508 U.S. 909, 113 S.Ct. 2339, 124 L.Ed.2d 250, *and certs. denied,* 509 U.S. 923, 933, 113 S.Ct. 3037, 3064, 125 L.Ed.2d 724, 746 (1993).

■ It was incumbent upon Stelly to establish that Papania would not be unduly prejudiced by the withdrawal of Stelly's admissions. This case had been on the docket for over four years, and Stelly's admission that he was the owner of the property where Papania was allegedly injured had been on file for almost three years when the trial court allowed Stelly to withdraw the admis-

sion. In the interim, Papania had non-suited the City of Port Neches. The statute of limitations has run as to any recovery Papania might have against Port Neches. Subsequently, Stelly obtained a summary judgment that Papania take nothing. The net result is that Papania was prejudiced in that his reasonable reliance upon the admission resulted in his failure to have an opportunity to recover any damages that he might have suffered on the premises in question.

Stelly first asserts that any suggestion that he waited until the statute of limitations had run before seeking to withdraw his response to Papania's Request for Admissions is false, since he was not served with the request for admissions until the statute of limitations had already expired. Stelly has presented us with no authority to the effect that the other party's undue prejudice must have been intentionally caused by the party seeking withdrawal of the admission, and we are not aware of any. Stelly had the burden of showing that Papania would not be unduly prejudiced, not merely showing that he did not intentionally cause any such prejudice.

Stelly also urges that Papania was not prejudiced because he could not recover against Port Neches anyway since he failed to give the city notice of his claim. He refers us to the city's response to Papania's supplemental request for admissions filed in September 1991, wherein the city denied that it had received proper notice of Papania's suit pursuant to Texas Civil Practice and Remedies Code sec. 101.101(b) (Vernon 1986). As a result of the non-suit, Papania is now precluded from seeking a court determination as to whether he has a valid claim that might be asserted against Port Neches. We hold that the trial court abused its discretion in impliedly determining that Papania would not be unduly prejudiced by allowing Stelly to withdraw his admission.

■ Stelly's Motion for Summary Judgment included the assertion that the property did not belong to Stelly. That assertion had also been made in Stelly's motion to amend and withdraw responses to requests for admission, which the Court granted on the same day as the summary judgment.

The issue of ownership was a controlling element in Stelly's motion for summary judgment. Consequently, we hold that the trial court's error in allowing Stelly to withdraw his responses to admissions was reasonably calculated to cause and did cause the rendition of an improper judgment in this case. We sustain point of error number one. In view of our determination of this point of error, we need not consider points of error numbers two and three.

The order allowing Stelly to withdraw his admission that he was the owner of the property in question is set aside, and the judgment in this cause is reversed and this cause remanded for trial.

REVERSED AND REMANDED.